UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Robert W. Johnson, | Case No. 2:25-cv-00296-CDS-BNW |
| Plaintiff | **Order Adopting Magistrate Judge's Report and Recommendation** |
| v. | |
| NBF Securities (USA), | [ECF No. 9] |
| Defendant | |

Plaintiff Robert Johnson, appearing pro se, commenced this lawsuit against defendant NBF Securities (USA) alleging it committed fraud. Because Johnson applied to proceed *in forma pauperis*, United States Magistrate Judge Brenda Weksler screened his initiating documents and found that venue is not proper in the District of Nevada. ECF No. 9. Although Judge Weksler granted Johnson pauper status, she recommends that I dismiss Johnson's "complaint"[1] without prejudice but without leave to amend in this district. *Id.* Johnson had until March 26, 2025, to file any specific written objections to the magistrate judge's findings and recommendations (citing Local Rule IB 3-2(a) (stating that parties wishing to object to an R&R must file specific written objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1)(C) (same). As of the date of this order, Johnson has neither objected nor moved for an extension of time to do so. If there is no objection to a magistrate judge's recommendation, then the court may accept it without review. *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Nonetheless, I conduct a review here to determine whether to adopt the R&R.

---

[1] Johnson did not file a well-pleaded complaint. Indeed, his submission includes a "request for judicial intervention," (ECF No. 1-3 at 1–2), a "certificate of service" from the United States Court of Appeals for the Second Circuit (*id.* at 3–4), and several forms from the Supreme Court of the State of New York (*id.* at 4–15).

According to Johnson's filings, he resides in New York and the "Ponzi schemes were committed by NBF Securities (USA)" in Syracuse, New York. ECF No. 1-3 at 12. As Judge Weksler noted, the claims at issue here "bear no relation whatsoever to the District of Nevada" and must, therefore, be dismissed. ECF No. 9 at 2–3. For venue to be proper, Johnson bears the burden of establishing that the District of Nevada is one "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Johnson's bare-bone assertions, unsupported by specific factual allegations, are insufficient to establish venue is proper here. *See Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) (explaining that "mere 'bare bones' assertions . . . or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden"). Because Johnson has not met his burden to establish venue is proper, his complaint is dismissed without prejudice. Moreover, because no amendment would cure the complaint's deficiencies, granting Johnson leave to amend would be futile, so it was appropriately denied. *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990) (holding that a district court does not err in denying leave to amend where the amendment would be futile).

## Conclusion

For the reasons stated, I **adopt in full** the magistrate judge's report and recommendation **[ECF No. 9]**, therefore, this case is **dismissed without prejudice** but without leave to amend in the District of Nevada. The Clerk of Court is kindly directed to close this case.

Dated: April 10, 2025

_____
Cristina D. Silva
United States District Judge